### CUTTING *v.* FLORIDA RY. & NAV. CO.

*In re* Petition of MALLORY and others.

*(Circuit Court, N. D. Florida. April 12, 1887.)*

RAILROAD COMPANIES — INTERSTATE COMMERCE ACT — DISCRIMINATIONS — CONNECTING LINES.

Under the interstate commerce act, all charges made by a railroad for any service in the transportation of passengers and property from one state or territory into another, or for receiving, delivering, storing, or handling such property, must be reasonable and just; and there must be no discrimination in rates, charges, and facilities in favor of one connecting line, or against another, but equal rates and facilities for trade and travel, for equal service, and from all points, must be given to both.

A petition was filed in this action by C. H. Mallory & Co. and the New York & Texas Steam-Ship Company to obtain an order directing the receiver, appointed by the court for the Florida Railway & Navigation Company, to desist from further discriminating against the petitioner, and in favor of the Clyde, (a competing line,) in respect to rates on freight and passenger traffic, and to extend to petitioners all facilities of prompt carriage of freight and passengers as he has given, or may hereafter give, to the Clyde line, or other common carrier. The petitioners also ask that an account may be taken of the amounts heretofore paid the receiver by them in excess of the amounts charged the Clyde line for similar service, and that such amounts be ordered repaid to the petitioners. The receiver in his answer alleges that the railroad he is in charge of is absolutely without means to earn revenue or to discharge its duty as a public carrier, and is wholly at the mercy of a foreign rival and competitor, unless it can have the assistance of and a connection with a first-class line of steam-ships; that its business will not support two lines of ships; that, as between the service offered by petitioners and the Clyde line, the former is incomparably inferior to the latter, and that it is essential to the interest of the railroad that he should have the right to discriminate between the petitioners and the Clyde line; and that the discrimination which he had made was for this reason, and on this account. But at the same time he alleges that since the interstate commerce bill became operative he has reformed his tariff, and it is his intention to make no discrimination in future in favor of either the line of the petitioners or the Clyde line, or against either, but that in his new tariff he charges on all business passing in or out of Fernandina over his railroad the same price, on the same class of goods, to all carriers, and allows no *pro rata* or rebate or reduction of his tariff charges on any such business with any line, except that upon all business originating in New York or Jacksonville, and passing thereto or therefrom by the Clyde line, and over a portion of respondent's line, he charges in the reformed tariff a different or less rate on his proportion of said charges thereon for through service than would be his proportion of the same on through business by another line; this difference being made for the sole reason that the said rate is rendered necessary by the circumstances of the extent of the service of the Clyde line into his territory, which circumstances force him to the said change of rates in order to secure for himself any part of the business offering between New York and Jacksonville.

*Horatio Bisbee*, for petitioners.

*John A. Henderson* and *Hartridge & Young*, for receiver.

SETTLE, J. This petition was filed on the twenty-first day of March, 1887, which was before the interstate commerce act went into effect. The answer of the receiver, H. R. Duval, was filed on the fourth day of April, 1887, in which he submits that he has reformed his tariff of rates, and intends to comply, in all respects, with the provisions of the interstate commerce act. In view of this answer, I deem it unnecessary and

inexpedient at this time to do more than to give to the receiver of the Florida Railway & Navigation Company some general instructions in respect to such of his business with the parties to this petition as falls under the head of interstate commerce. (1) All charges made for any service in the transportation of passengers or property, or for receiving, delivering, storing, or handling property, must be reasonable and just. (2) He will not discriminate, in his rates, charges, and facilities, for or against the Clyde line or the Mallory line, but will give to both equal rates and facilities for trade and travel, for equal service, from all points.